UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KASHAWN WRIGHT,

                            Plaintiff,

        -against-

THE CITY OF NEW YORK, Police Officer EDWIN NUEZ Shield No. 24365, Police Officer EDWIN EXHILHOMME Shield No. 12740, Police Officer EFRAIN MORALES Shield No. 23437, in their individual and official capacities as employees of the City of New York,

                            Defendants.
------------------------------------------------------------X

**JOINT PRE-TRIAL ORDER**

**14-CV-6873 (RJD)(RML)**

1. The full caption of the case (reflecting stipulations of the parties) is as stated below:

KASHAWN WRIGHT,

                            Plaintiff,

        -against-

Police Officer EDWIN NUEZ Shield No. 24365, Police Officer EDWIN EXHILHOMME Shield No. 12740, Police Officer EFRAIN MORALES Shield No. 23437, in their individual and official capacities as employees of the City of New York,

                            Defendants.

2. Parties and Counsel

    <u>Plaintiff's Trial Counsel</u>
    Amy Rameau, Esq.
    Afsaan Saleem, Esq.

    The Rameau Law Firm
    16 Court Street
    Suite 2504
    Brooklyn, NY 11241

Tel: (718) 852-4759
Fax: (718) 875-5440
amywmrameau@hotmail.com
saleemlawny@gmail.com
rameaulawny@gmail.com

<u>Defense's Trial Counsel</u>
Zachary W. Carter
Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, NY 10007
*Attorneys for The City of New York, Edwin Exhilhomme, Edwin Nuez and Efrain Morales*
By: Joshua J. Lax, Senior Counsel
Tel: (212) 356-3538
Fax: (212) 356-3509
jlax@law.nyc.gov

3. The Court has subject matter jurisdiction on the basis that this lawsuit presents a federal question, namely plaintiff's rights under 42 U.S.C. 1983, the Constitution and the 4th, 5th, and 14th Amendments.

4.    a. Plaintiff's claims to be tried are as follows:
         1. Pursuant to 42 U.S.C. 1983, federal excessive force against all individually named defendants.

   b. Plaintiff's claims that are not to be tried are as follows:
      1. Federal law false arrest;
      2. Federal malicious prosecution;
      3. City of New York liability under Monell;
      4. State law false arrest;
      5. State law malicious prosecution;
      6. State law assault and battery;
      7. State law intentional infliction of emotional distress;
      8. City liability under respondeat superior;
      9. City liability under negligent hiring and retention.

   c. Defendants' defenses to be tried are as follows:
      a) The complaint fails to state a claim upon which relief can be granted;
      b) Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants

    violated any Act of Congress providing for the protection of civil rights;
  c) Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants;
  d) Any force used was reasonable under the circumstances;
  e) Plaintiff has failed to mitigate any alleged damages; and
  f) Defendants Nuez, Exhilhomme and Morales have not violated any clearly established laws of which a reasonable person would have known and therefore is protected by qualified immunity.

5. The case is to be tried before a jury. The parties anticipate needing 2 days of trial testimony for his case and a total of 3-4 days for trial.

6. All parties have not consented to trial of the case by a magistrate judge.

7. Stipulations: None

8.  Witnesses

 Plaintiff's Witness List
  a. Kashawn Wright; will testify about the incident and any medical treatment;
  b. Police Officer EDWIN NUEZ; will testify about the incident and any medical treatment;
  c. Police Officer EDWIN EXHILHOMME; will testify about the incident and any medical treatment;
  d. Police Officer EFRAIN MORALES; will testify about any paperwork that he prepared;
  e. Witness from the NYPD Communications Division who can interpret the SPRINT report;
  f. Chaberny Figueroa; will testify about the incident;
  g. Malik Birdsong; will testify about the incident;
  h. EMT Jason Gray; will testify about his observations and treatment of plaintiff;
  i. EMT Kadeem Douglas; will testify about his observations and treatment of plaintiff;
  j. Jonathan Rose, M.D.; will testify about the medical treatment plaintiff received at Brookdale Hospital Medical Center;
  k. Tahisha Tolbert, M.D.; will testify about the medical treatment plaintiff received at Brookdale Hospital Medical Center;
  l. Chin Park, M.D.; will testify about the medical treatment plaintiff received at Brookdale Hospital Medical Center;
  m. Dr. Kotari; will testify about the medical treatment plaintiff received at Brookdale Hospital Medical Center;

  n. Timothy L. Sutton, PA; will testify about the medical treatment plaintiff received at Brookdale Hospital Medical Center;
  o. Nigel S. Alves, PA; will testify about the medical treatment plaintiff received at Brookdale Hospital Medical Center;
  p. Yaakov Levenshteyn, PA; will testify about the medical treatment plaintiff received at Brookdale Hospital Medical Center;
  q. Daniel Ricciardi, Assistant District Attorney, Kings County; will testify about what the defendants told him of the incident;
  r. Michael Banks, will testify about his complaint against Sgt. Nuez;
  s. Ms. Nyree Williams, will testify about her complaint against Sgt. Nuez;

*Defendants object to witnesses J through Q under F.R.E. 402, 403 and 802, as they are cumulative, may confuse or mislead the jury, and their testimony may be wholly predicated on hearsay. In addition, defendants object to any treating physicians being called as plaintiff has failed to make the required disclosures under FED. R. CIV. P. 26.

**Plaintiff asserts that defendants objections to witnesses J through Q are not raised in good faith, as defendants' Initial Disclosures list as witnesses defendants may call: "Plaintiff's treating physician from Brookdale Hospital" and "plaintiff's treating physician."

Defendants' Witness List

1) Lieutenant Edwin Nuez (in person testimony regarding the facts and circumstances of plaintiff's conduct and arrest);
2) P.O. Edwin Exhilhomme (in person testimony regarding the facts and circumstances of plaintiff's conduct and arrest);
3) P.O. Efrain Morales (in person testimony regarding the facts and circumstances of plaintiff's conduct and arrest);
4) P.O. Mikhail Goncharov (in person testimony regarding the facts and circumstances of plaintiff's trip to the hospital); and
5) Ilissa Brownstein, Esq. (in person testimony regarding plaintiff's attempt to file a separate lawsuit).

*Defendants reserve the right to call any of plaintiff's witnesses.

**Plaintiff objects to P.O. Mikhail Goncharov as defendants have never identified him as a witness with knowledge as required under Fed. R. Civ. P. 26.

**Plaintiff objects to Ilissa Brownstein, Esq. as any testimony defendants seek to elicit would run afoul of plaintiff's attorney-client privilege.
Defedants Respond: Plaintiff received sufficient information regarding P.O. Goncharov in discovery, and defendants do not seek to elicit

testimony regarding privileged information from Brownstein. Defendants will respond more fully to any motion by plaintiff.

9. Deposition testimony to be offered in case in chief: None

10. A list of Exhibits to be offered in Plaintiff's case in chief:

| Objection | Exhibit No. | Bates Nos. | Exhibit Type/Name |
|---|---|---|---|
| 402, 403, 802 | 1 | D10 – D13 | Memo Book of Nuez |
|  | 2 | D22 | Medical Treatment of Prisoner Form |
|  | 3 | D23 – D46 or P004-041 | Brookdale Hospital Center Medical Records of Plaintiff |
|  | 4 | D47 – D49 | Prehospital Care Report Summary |
| 402, 403, 802 | 5 | D50 – D52 | Memo Book of Exilhomme |
| 402, 403, 802, 901 | 6 | D64 – D65 | DA's Complaint Room Screening Sheet |
| 402, 403, 802, 901 | 7 | D69 – D70 and/or D66-D67 | Criminal Court Complaint |
| 402, 403, 802, 901 | 8 | D93 | Notice Pursuant to CPL 710.30(1)(a) |
| 402, 403, 802, 901 | 9 | D113 – D121 | SPRINT Report |
|  | 10 | D122 – D147 | Jamaica Hospital Medical Center records for Nuez |
|  | 11 | D1125 – D1145 | Jamaica Hospital Medical Center records for Nuez |
|  | 12 | D98 – D99 | Color photos of Nuez |
| 402, 403, 802, 901 | 13 | D1 – D3 | Omniform System – Arrests |
| 402, 403, 802, 901 | 14 | D4 – D6 | Omniform System – Complaints |
| 402, 403, 802 | 15 |  | Deposition Transcript of Nuez (for impeachment purposes) |
| 402, 403, 802 | 16 |  | Deposition Transcript of Exilhomme (for impeachment purposes) |
| 402, 403, 802 | 17 | P047-P115 | Correctional Health Services medical records |
| 402, 403, 802 | 18 | P116-P117 | Pre-Arraignment Screening Correctional Health Services |
| 402, 403, | 19 | D1-D3 | Omniform System – Arrests |

| Objection | Exhibit No. | Bates Nos. | Exhibit Type/Name |
|---|---|---|---|
| 802 | | | |
| 402, 403, 802 | 20 | D4-5 | Omniform System – Complaints |
| 402, 403, 802 | 21 | D8-9 | Arraignment Screening Times |
| 402, 403, 802 | 22 | D14 | Certificate of Disposition |
| 402, 403, 802 | 23 | D72-D73 | Property Clerk's Invoice |
| 402, 403, 802 | 24 | D81-D83 | Memo Book Entry of Morales |
| 402, 403, 802 | 25 | D86 | Line Of Duty Injury report for Exilhomme |
| 402, 403, 802 | 26 | D87 | Line of Duty Injury report for Nuez |
| | 27 | D98-D99 | Color Photos of Sgt. Nuez |
| 402, 403, 404, 802 | 28 | D100-101 | CPI for Nuez |
| 402, 403, 404, 802 | 29 | D103 | CCRB History for Nuez |
| 402, 403, 404, 802 | 30 | D105-106 | IAB Resume for Nuez |
| | 31 | D157 | Command Log |
| 402, 403, 404, 802 | 32 | D169-D185 | IAB Complaint against Nuez |
| 402, 403, 404, 802 | 33 | D388 | Investigating Officer's Report delivery of letter of instruction (re: Sgt. Nuez IAB complaint) |
| 402, 403, 404, 802 | 34 | D391 | Investigating Officer's Report Letter of Instruction (re: Sgt. Nuez IAB complaint) |
| 402, 403, 404, 802 | 35 | D392-D393 | Interview with Sgt. Nuez (re: Sgt. Nuez IAB complaint) |
| 402, 403, 404, 802 | 36 | D475-D477 | 1/11/11 Interview with Nyree Williams (re: Sgt. Nuez IAB complaint) |
| 402, 403, 404, 802 | 37 | D480-D481 | Review of calls to command center (re: Sgt. Nuez IAB complaint) |
| 402, 403, 404, 802 | 38 | D493-D494 | Phone interview with Michael Banks (re: Sgt. Nuez IAB complaint) |
| 402, 403, 404, 802 | 39 | D507-D508 | 12/5/11 Interview with Nyree Williams (re: Sgt. Nuez IAB complaint) |
| 402, 403, 404, 802 | 40 | D512-D513 | Interview with Michael Banks (re: Sgt. Nuez IAB complaint) |
| 402, 403, | 41 | D542 | Letter of Instruction (re: Sgt. Nuez IAB |

| Objection | Exhibit No. | Bates Nos. | Exhibit Type/Name |
|---|---|---|---|
| 404, 802 | | | complaint) |
| | 42 | D953-D998 | Medicaid records |
| 402, 403, 404, 802 | 43 | D1029-D1030 | Exhilhomme Performance Evaluation |
| 402, 403, 404, 802 | 44 | D1060 | Probationary Level Monitoring for Nuez |
| 402, 403, 404, 802 | 45 | D1075 | Performance Evaluation for Nuez |
| 402, 403, 404, 802 | 46 | D1294 | Letter of Instruction for Morales |
| 402, 403, 404, 802 | 47 | D1298-D1305 | IAB Findings for Morales |
| | 48 | D1326-D1840 | Plaintiff's Medical Records from NYC HHC |

Defendants' Exhibits

| Desig. | Description of Exhibit | Obj. | Basis for Objection |
|---|---|---|---|
| A | Certified Medical Records from Brookdale Hospital (D 23 – D 49) | | |
| B | Medical Treatment of Prisoner Form (D 22) | | |
| C | Command Log Entry for Plaintiff (D 157) | FRE 401, 402, 403, 404 | |
| D | Criminal Court Felony Jacket (D 21) | FRE 401, 402, 403, 404 | |
| E | Warrant for Plaintiff (D 80) | FRE 401, 402, 403, 404 | |
| F | Photographs of Lieutenant Nuez's Injuries (D 95- D 96, D 98- D 99, 1924) | | |
| G | Certified Medical Records for Edwin Nuez (D 122 – D 147) | | |
| H | Certified Medical Records for Edwin Exhilhomme (D 1125 – | | |

|   |   |   |   |
|---|---|---|---|
|   | D 1145) |   |   |
| I | Line of Duty Injury Reports (D 86 – D 87) |   |   |
| J | New York City Department of Correction Printouts (D 170 – D 174) | FRE 401, 402, 403, 404 |   |
| K | Rap Sheet for Plaintiff (not yet available) | FRE 401, 402, 403, 404 |   |
| L | Rap Sheets for Chaberny Figueroa and Malik Birdsong (not yet available) | FRE 401, 402, 403, 404 |   |
| M | Office of Court Administration Records for Plaintiff, Figueroa, and Birdson | FRE 401, 402, 403, 404 |   |
| N | Records of the Criminal Court related to plaintiff's June 18, 2014 arrest (not yet available) | FRE 401, 402, 403, 404 |   |
| M | Plaintiff's Notice of Claim (D 164 – D 168) | FRE 401, 402, 403, 404 |   |
| N | Plaintiff's Stipulation with the New York City Office of the Comptroller | FRE 401, 402, 403, 404 |   |
| O | Plaintiff's Medicaid Claims Report (D 953 – D 998) | FRE 401, 402, 403, 404 |   |
| P | Transcript of the Deposition of Plaintiff | FRE 401, 402, 403, 404 |   |
| Q | New York City Department of Correction Inmate Folder for Plaintiff's June 2014 Incarcerations (not yet available) and March 31, 2015 (D 1206 – D 1256) | FRE 401, 402, 403, 404 |   |
| R | New York State Department of | FRE 401, 402, 403, |   |

|   |   |   |   |
|---|---|---|---|
|   | Corrections Inmate History Printout (D 1925 to D 1935) | 404 |   |
| S | Correctional Health Services Medical Records (D 1326 – D 1691) |   |   |
| T | NYDOCCS Health Records (D 1692 0 D 1840) |   |   |
| U | Complaint | FRE 401, 402, 403, 404, 602 |   |
| V | Amended Complaint | FRE 401, 402, 403, 404, 602 |   |
| W | Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories and Requests for the Production of Documents | FRE 401, 402, 403, 404, 602 |   |
| X | Plaintiff's Amended Objections and Responses to Defendant's First Set of Interrogatories and Requests for the Production of Documents | FRE 401, 402, 403, 404, 602 |   |

**Defendants reserve the right to use any of plaintiff's exhibits.

SPACE INTENTIONALLY LEFT BLANK

SPACE INTENTIONALLY LEFT BLANK

Dated:   Brooklyn, New York
         July 15, 2016

_____
Afsaan Saleem, Esq.

The Rameau Law Firm
Attorney for Plaintiff
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759
saleemlawny@gmail.com
rameaulawny@gmail.com

_____
Joshua Lax, Esq.
Senior Counsel

Zachary A. Carter
Corporation Counsel of the
City of New York
Special Federal Litigation Division
100 Church Street
New York, NY 10007
(212) 356-3538
jlax@law.nyc.gov


SO ORDERED:

_____
HON. RAYMOND J. DEARIE, U.S.D.J.